IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICA MORRIS                                                    PLAINTIFF

V.                          CASE NO.: 3:13CV00052 BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration[1]                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Mica Morris appeals the final decision of the Commissioner of the Social

Security Administration (the "Commissioner") denying her claim for Supplemental

Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").  For the

following reasons, the decision of the Commissioner must be REVERSED and

REMANDED.

I.    **Background**

On September 12, 2008, Ms. Morris filed for SSI, alleging disability beginning on

January 1, 2006, due to high blood pressure, back problems, anxiety, and migraines.  (Tr.

161-167, 197)  Her claims were denied initially and upon reconsideration.  An

Administrative Law Judge ("ALJ") held a hearing on October 5, 2010, at which Ms.

Morris appeared with her attorney.  (Tr. 51-68)  The ALJ issued a decision on November

10, 2010, finding that Ms. Morris was not disabled under the Act.  (Tr. 74-83)  On

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of
the  Social Security Administration.  She has been substituted for named Defendant
Michael J. Astrue under Fed.R.Civ.P. 25.

February 24, 2012, the Appeals Council remanded the case for further proceedings.  (Tr. 88-89)  The ALJ held a second hearing on April 25, 2012.  During the hearing, the ALJ heard testimony from Ms. Morris and a vocational expert ("VE").  (Tr. 30-50)

The ALJ issued a second decision on May 16, 2012, finding that Ms. Morris was not disabled under the Act.  (Tr. 12-24)  On January 3, 2013, the Appeals Council denied Ms. Morris's request for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-5)

Ms. Morris was thirty-four years old at the time of the hearing.  (Tr. 33)  She was 5'5" tall and weighed 280 pounds.  (Tr. 33)  She was in special education classes in school and completed the ninth grade, but only after three years in that grade.  (Tr. 34-35)  Ms. Morris did eventually earn a General Education Development certificate. (Tr. 34)  She also obtained a CNA license.  (Tr. 37)

Ms. Morris lived with her four minor children and her boyfriend, who was the father of her four children.  (Tr. 36)  She had previous work experience as a cashier and as a home health worker.  (Tr. 37)

II.     **Decision of the Administrative Law Judge**

The ALJ analyzed this claim under the familiar five-step process.[2]  He found that

Ms. Morris had not engaged in substantial gainful activity since her alleged disability

onset date.  (Tr. 14)  And he found that Ms. Morris had the following severe impairments:

chronic obstructive pulmonary disease, obesity, bipolar disorder, anxiety disorder, and

attention deficit hyperactivity disorder.  (Tr. 14)  The ALJ also found, however, that Ms.

Morris did not have an impairment or combination of impairments meeting or equaling an

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.926).

(Tr. 17-19)

The ALJ determined that Ms. Morris had the residual functional capacity ("RFC")

to perform sedentary work, except she would be limited to jobs that did not require

frequent bending and or exposure to concentrated amounts of respiratory irritants such as

dust, fumes, strong odors, or extreme changes in temperature or humidity.  Ms. Morris

had the mental RFC to perform unskilled work, according to the ALJ's findings, where

interpersonal contact would be incidental to the work performed and the complexity of

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g) (2005).

tasks could be learned and performed by rote with few variables.  She was further limited to jobs that would require little independent judgment and simple, direct, and concrete supervision.  She would not be able to deal with the general public.  (Tr. 19-23)

Ms. Morris was unable to perform her past relevant work.  (Tr. 23)  Using VE testimony, the ALJ determined that Ms. Morris could perform the jobs of factory assembler and factory inspector, which existed in significant numbers in the national economy.  (Tr. 23-24)  Accordingly, the ALJ found that Ms. Morris was not disabled. (Tr. 24)

## III.  Analysis[3]

A.   *Plaintiff's Arguments for Reversal*

Ms. Morris claims that the ALJ's decision was not supported by substantial evidence because:  (1) the ALJ did not properly assess the opinion of her treating physician; (2) the ALJ erred in his mental RFC assessment; and (3) the ALJ erred in failing to adequately consider her morbid obesity.  (#13)

---

[3]In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.  *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."  *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).  In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."  *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

B.     *Treating Physician's Opinion*

Ms. Morris had a long-standing treatment relationship with her psychiatrist, Larry

Felts, M.D.  (Tr. 413-431, 452-453, 472-473)  The ALJ acknowledged the relationship

and discussed the related records of treatment.  (Tr. 14-17, 21-22)  When discussing the

medical opinion evidence, the ALJ stated:

> Notably, there is no probative, objective medical evidence to show the
> claimant has ever been advised by any treating or examining physician of
> symptoms of such severity as to completely preclude involvement in substantial gainful
> activity at every exertional level.  There is also no objective medical evidence to show
> that the claimant has ever been medically advised by a treating physician to permanently
> limit activities secondary to any medically determinable impairment or combination of
> impairments.  Dr. Felts also never opined that the claimant was unable to work due to her
> mental health impairments.  (Tr. 22)

Dr. Felts, however, did opine that Ms. Morris was unable to work due to her mental

impairments.  (Tr. 418)  Dr. Felts stated:

> [Ms. Morris] has paranoid delusions, mood swings, problems [with]
> memory [and] concentration, anxiety [and] panic attacks.  She isn't able to
> function well enough to work at any job for long.  (Tr. 418)

Dr. Felts also mentioned Ms. Morris's ability to work in another note, though his

comment in this note is mostly illegible.  (Tr. 415)

As noted by the Commissioner, a treating physician's opinion that a claimant is

disabled or unable to work is not entitled to deference.  The ALJ's comment about the

lack of an opinion, however, shows that he did not adequately assess the records of Ms.

Morris's treating psychiatrist.

This Court cannot determine the degree to which the ALJ relied on this error in finding Ms. Morris's mental RFC.  Ms. Morris had several severe mental impairments, but the record does not contain other medical opinions such as a mental RFC assessment, a psychiatric review technique, or a consultative mental evaluation.  For these reasons, the record does not contain substantial evidence regarding Ms. Morris's mental RFC.

Accordingly, the Court must remand this case.  On remand, the Commissioner should clarify Dr. Felts's opinion by asking him to complete a mental RFC assessment.  If this is not possible, the Commissioner should order a consultative mental evaluation that addresses Ms. Morris's mental RFC.

C.      *Mental Residual Functional Capacity Assessment*

The ALJ bears the primary responsibility for assessing a claimant's RFC. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010).  It is the claimant's burden, however, to prove RFC.  *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003).

In this case, the ALJ did not properly assess the opinion of Ms. Morris's psychiatrist, Dr. Felts.  The record also does not contain a mental RFC assessment, a psychiatric review technique, or a consultative mental evaluation.  Because the assessment of Dr. Felts's opinion and the lack of other evidence could affect Ms. Morris's mental RFC, the ALJ should reassess Ms. Morris's mental RFC.

D.   *Morbid Obesity*

As the ALJ acknowledged, Ms. Morris was morbidly obese.  (Tr. 14, 16, 17, 18, 20, 22)  The ALJ adequately considered Ms. Morris's obesity when determining her RFC.  This part of the ALJ's decision is supported by substantial evidence in the record.

## IV.   <u>Conclusion</u>

After consideration of the record as a whole, the Court concludes that the ALJ erred when considering the opinion of Ms. Morris's treating physician.  Due to a lack of other mental health evidence, the Commissioner's decision is not supported by substantial evidence.  Therefore, the Commissioner's decision is reversed and remanded for action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 11th day of December, 2013.

_____

UNITED STATES MAGISTRATE JUDGE